Reversed and remanded for further proceedings consistent with this opinion.

HENRY WILLIAMS, PLAINTIFF-APPELLANT, v. CIVIL SERVICE COMMISSION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 19, 1973—Decided July 6, 1973.

Before Judges FRITZ, LYNCH and TRAUTWEIN.

*Ms. Randall W. Westreich,* Essex County Legal Services, attorney for appellant (*Ms. Louise Halper, Mr. Philip N. Brown,* and *Ms. Randall W. Westreich,* on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent (*Ms. Virginia Long Annich,* Deputy Assistant Attorney General, of counsel; *Mr. John M. Van Dalen,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FRITZ, J. A. D. Appellant was discharged without a hearing from his provisional position as Assistant Dog Warden for the City of Orange. His demand for a hearing was denied in a letter from the Chief Examiner and Secretary of the Department of Civil Service on the ground that "Hearings are only granted for permanent employees in the classified service." This determination is said to be bottomed on *N. J. A. C.* 4:1–16.8(b):

A provisional or temporary employee may be terminated at any time at the discretion of the appointing authority. A provisional or temporary employee who has been terminated shall have no right of appeal to the Civil Service Commission.

We reverse.

█ █ We recognize that the Fourteenth Amendment concepts of liberty and property, sheltered by the Due Process

clause, are not without certain limitations, and public officials may, in the proper circumstance, be discharged without a hearing. *Board of Regents v. Roth,* 408 *U. S.* 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). But we do not believe that the provisional nature of public employment by itself can justify the denial of a hearing in all cases and without regard for circumstances of the case. As *Roth* suggests, where these circumstances are such that reemployment is jeopardized, or an individual's standing and associations in the community are damaged, or his good name, reputation, honor or integrity is at stake, due process requires that he be afforded an opportunity to be heard.

 The circumstances of the instant case include a media airing of a dispute between appellant and the municipal health officer. The newspaper reported that the health officer had charged appellant, in a letter to the Commissioner of Parks and Public Property, with "inability to solve various citizen complaints, inability to comply with dog pound regulations, misuse of the vehicle provided for animal control and inability to furnish the department with accurate daily reports." We have no way of knowing whether these charges are true. Nor does the public, among whom they have had broad dissemination. We believe that due process requires that appellant be given a hearing to defend against them if he desires it. *Board of Regents v. Roth, supra.*

We also express due process concerns in the context of a different Civil Service rule, *N. J. A. C.* 4:1–8.14:

(a) The Chief Examiner and Secretary shall take the following actions for any cause listed in subsection (b) of this Section or for any other good cause:

1. Reject the application of a person for admission to an examination;

2. Refuse to test an applicant;

3. Refuse to place the name of a person on the employment list;

4. Refuse to certify the name of an eligible person; or

5. Remove from the employment list the name of an eligible person.

(b) Any of the following shall constitute good cause for such action by the Chief Examiner and Secretary against any prospective employee who:

\* \* \* \* \* \* \* \*

6. Has been removed \* \* \* from the public service, \* \* \*.

There is no doubt appellant has "been removed" from the public service. The Chief Examiner and Secretary now has "good cause" to invoke all the sanctions of *N. J. A. C.* 4:1–8.14(a). That this condition might eventuate without an opportunity for a fair hearing offends the conscience. *Roth,* in its marked concern for future public employment, contains a dictum, with which we are in hearty accord, that it also offends the Due Process clause of the Fourteenth Amendment.

We are not doubting that a provisional employee can be removed without cause. *Roth* clears the air on this point. There is no entitlement to tenure in the temporary, gap-filling, provisional employment. We address ourselves only to the due process requirement of a hearing, toward the end that the record may be set straight, objectively and at a time when matters are fresh.

The demands on all public servants, permanent, temporary and occasional, are great. See *Trap Rock Industries, Inc. v. Kohl,* 59 *N. J.* 471 (1971), *cert.* den. 405 *U. S.* 1065, 92 S. Ct. 1500, 31 L. Ed. 2d 796 (1972). No public servant should be relegated to second-class status simply because his tenure is not assured by a permanent classification.

Reversed and remanded for a hearing.